UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRIS DEHMER,
    Plaintiff,

vs.                            07-1218

BUREAU OF PRISONS, et al.
    Defendants.

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a federal prisoner, has filed this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims his First Amendment freedom of association and Fifth Amendment due process rights have been violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named five defendants including the Bureau of Prisons, Attorney General Alberto Gonzales, Federal Bureau of Prisons Director Harley Lappin, Warden J.C. Zuercher and Inspector General Glen Fine. The plaintiff says he is suing the defendants in their individual and official capacities.

The plaintiff says the Bureau of Prisons has enacted a program which calls for the use of ionspectrometry devices[1] to screen visitors to the prison. If the visitor receives a positive test result, the visitation will be denied. The Bureau claims the ionspectrometry devices have "less than a 1% rate of false positive results." (Comp, p. 4).

The plaintiff says this claim is untrue and "[c]asual contact with contaminated currency, perfume, prescription drugs, Robitussin, diet pills, migraine medications, anti-depressants and gasoline will cause a false positive result." (Comp, p. 4) The plaintiff states no basis for this allegation, but does say on various occasions from February of 2006 until the present he has been denied visitation with family members who have tested positive on the device. It is unclear how often this occurred. The plaintiff does not claim he was denied all visitation during this

---

[1] Ionspectrometry detects the presence of microscopic traces of illegal drugs on persons and their clothing. *Manning v. Wells,* 2007 WL 1140422 at 2, FN 1(D.S.C April 17,2007)

1

time period.

The court notes that Federal Bureau of Prisons Program Statement 5522.01 deals with the use of Ion Spectrometry to scan visitors to federal prisons.

> The possession and use of illegal substances by prison inmates seriously jeopardizes the Bureau's mission.  The ion spectrometry device program is a minimally intrusive method for scanning people, their belongs, mail and packages for the presence of illegal substances. Fed. Bur. of Prisons, Program Statement P5522.01, p.1

The program allows for random testing or testing based on a reasonable suspicion.  Any visitor testing positive is given the option to take a second test and if the individual still tests positive, they are denied entry but may file an appeal.  An individual testing positive may return to visit an inmate at a later time as long as they submit to the Ion Spectrometry Test.

The plaintiff says the Bureau of Prisons screening program is unconstitutional.  The plaintiff says Defendant Attorney General Alberto Gonzales violated his constitutional rights "through the enactment and enforcement of 28 C.F.R. §511." (Comp., p.5) The plaintiff is apparently referring to the statutes governing the general management of the Bureau of Prisons and which allow prison officials to search visitors.  The plaintiff says the Federal Bureau of Prisons, Director Harley Lappin and Inspector General Glen Fine violated his constitutional rights by the enactment and enforcement of "Bureau of Prisons Statement P5520.01." (Comp., p. 6)  Finally, the plaintiff says Warden Zuercher violated his First and Fifth Amendment rights when he complained about the use of Ion Spectrometry and the denial of his visitors and the warden failed to correct the problem.  The plaintiff is asking for nominal damages and punitive damages.  The plaintiff is also asking for the court to issue an injunction allowing his friends and family to visit him.

There are several problems with the plaintiff's lawsuit.  First, this court lacks subject matter jurisdiction over the plaintiff's claims against the Bureau of Prisons or the other defendants in their official capacities.  Section 1983 allows a civil action for damages for violation of a constitutional right. *Bivens,* 403 U.S. at 395-96.  However, a suit against a federal agency or federal official in his or her official capacity is actually a claim against the United States. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).  The doctrine of sovereign immunity shields the United States from such suits unless it has given its consent to waive this immunity. *F.D.I.C. v Meyer,* 510 U.S. 471, 477-78 (1994).  Therefore, the court lacks jurisdiction over the plaintiff's claim against the Bureau of Prisons and any official capacity claims.  Those claims must be dismissed.

Second, it appears the plaintiff is claiming the policy of searching visitors at prisons and the use of Ion Spectrometry to search visitors at prisons is unconstitutional on its face.  As to the plaintiff's First Amendment claim, inmates do not have an absolute right to visitation. *Caraballo-Sandoval v. R.E. Honsted,* 35 F.3d 521, 525 (C.A. 11 1994). Any regulation or policy

limiting visitation is valid as long as it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89 (1987).  The stated purpose of using the Ion Spectrometer to scan visitors to federal prisons is to cut down on the availability and use of illegal substances by inmates.  The "unauthorized use of narcotics is a problem that plagues virtually every penal and detention center in the country." *Block v Rutherford,* 468 U.S. 576, 588-89 (1984).  The court finds the articulated concerns constitute a legitimate penological objective.

There is also no due process right to unfettered visitation. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460-61 (1989); *Mayo v. Lane,* 867 F.2d 374, 379 (8th Cir. 1989). "Restrictions on prison access do not independently violate the due process clause." *Smith v. Farley,* 1995 WL 216896 at 2 (7th Cir. April 11, 1995).  In addition, the Bureau of Prisons' visiting regulations do not create a protected liberty interest in visitation. *Caraballo-Sandoval v. Hornsted,* 35 F.2d 521, 435 (11th Cir. 1994).

"Federal courts have traditionally been reluctant to interfere in the problems of prison administration." *Manning v. Wells,* 2007 WL 1140422 at 5(D.S.C. April 17, 2007). "Decisions as to which security protocols to subject inmate visitors to are exactly the sort of decisions which courts should defer to prison administrators." *Id.*  The plaintiff has failed to state a claim that the prison regulations and policies governing the use of an Ion Spectometer to scan potential visitors is unconstitutional on its face. The court will therefore dismiss these claims and any claims against Defendants Gonzales, Lappin and Fine.

However, it is possible that the plaintiff may be able to claim that the way the scanning procedure has been used to prevent the plaintiff from receiving visitors at the Federal Correctional Institution in Pekin violates his constitutional rights.  Unfortunately, the plaintiff's complaint does not provide Defendant Zuercher with the proper notice of his claims.  The plaintiff's complaint simply says he did not receive visitors on various occasions from February 6, 2006 until the present.  It is not clear when the plaintiff was denied visitation, how often he was denied visitation or why he was denied visitation.  The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001).

In addition, the plaintiff must be sure to name defendants from the Pekin institution that were directly involved in either denying his visitation or refusing to respond to his specific complaints.  To be liable for a constitutional violation, a supervisory defendant need not have directly participated in the deprivation of rights, but he or she must have been personally involved in the deprivation. *Sanville v McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).  "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Id.*  For instance, it is doubtful Defendants Gonzales, Lappin or Fine had any direct involvement in how visitors are screened in Pekin or what visitors are allowed to see the plaintiff.

Since the plaintiff is proceeding pro se, the court will allow the plaintiff an opportunity to file an amended complaint. The proposed amended complaint must stand complete on its own without reference to the original complaint. The plaintiff must clearly state each defendant. In addition, the plaintiff's amended complaint should specify how the use of the Ion Spectometer specifically limited his visitation. For instance, when was the plaintiff denied visitation and why he was denied visitation.

**IT IS THEREFORE ORDERED THAT:**

**1) The plaintiff has failed to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A against Defendants the Bureau of Prisons, Attorney General Alberto Gonzales, Federal Bureau of Prisons Director Harley Lappin, and Inspector General Glen Fine**. **The clerk of the court is directed to dismiss these defendants**.

**2) It is possible the plaintiff may have a claim against Defendant Warden J.C. Zuercher. However, the plaintiff's complaint does not provide the proper notice to the defendant under Rule 8 of the Federal Rules of Civil Procedure. The plaintiff's complaint is therefore dismissed.**

**3) The plaintiff must file an amended complaint within twenty-one days of this order. The amended complaint must comply with all the requirements of this order. If the plaintiff fails to follow this order, his case will be dismissed.**

ENTERED this 5th day of November, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE