UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRIS DEHMER,
    Plaintiff,

vs.                                                                                                    07-1218

BUREAU OF PRISONS, et al.
    Defendants.

<u>MERIT REVIEW ORDER</u> #2

    The plaintiff, a federal prisoner, has filed an amended complaint. The court conducted a merit review of the plaintiff's original complaint and found the plaintiff had failed to state a claim upon which relief could be granted. However, the court gave the plaintiff time to amend his pleading. *See* November 5, 2007 Court Order. The plaintiff has complied.

    The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff has filed this lawsuit pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims his First Amendment Freedom of Association and Fifth Amendment Due Process rights have been violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff also claims the Bureau of Prisons has violated the Administrative Procedures Act, (APA), 5 U.S.C. §701. The plaintiff has named two specific defendants, Warden J.C. Zuercher and Lieutenant Terry Fardel, as well as an unspecified number of John Doe Correctional Officers.

    The plaintiff says the Bureau of Prisons has enacted a program which calls for the use of ionspectrometry devices to screen visitors to the prison. Ionspectrometry detects the presence of microscopic traces of illegal drugs on persons and their clothing. *Manning v. Wells,* 2007 WL 1140422 at 2,, FN 1(D.S.C April 17,2007). The plaintiff says if the visitor has a positive test result, the visitation is denied. The individual may return after a specified period, but if they test positive again, they are denied visitation for an even longer period of time.

    The plaintiff says the Bureau of Prisons claims the ionspectrometry devices have a 1% margin or error, but the plaintiff says there is no basis for this claim. The plaintiff alleges that casual contact with currency, prescription drugs and a gasoline can register as a positive result for illicit drugs.

The plaintiff has outlined numerous dates when family members were denied visitation. For instance, the plaintiff says his mother, who is on a number of medications, has tested positive on four occasions and has been denied visitation a total of 304 days. His father, a former air traffic controller, tested positive on three occasions and has been denied visitation a total of 124 days. The mother of his son has tested positive on three occasions and has been denied visitation a total of 124 days. Another family friend has tested positive on two occasions. The plaintiff says these individuals were not allowed to visit the plaintiff and were not allowed any other testing method or search to determine if they were in fact in possession of any illicit narcotics.

The plaintiff says he has asked for the names of the officers who used the ion spectrometer on his potential visitors, but he has been refused this information. These are the John Doe defendants. The plaintiff says he complained about the problem to Defendants Fardell and the Warden. He also told them about the numerous prescription medications his mother was taking, but the defendants refused to investigate or take any action.

The plaintiff is asking for nominal and punitive damages as well as injunctive relief allowing him visitation.

As the court has noted, inmates do not have an absolute First Amendment right to visitation. *Caraballo-Sandoval v. R.E. Honsted,* 35 F.3d 521, 525 (C.A. 11 1994). Any regulation or policy limiting visitation is valid as long as it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89 (1987). While its likely the defendants will be able to argue a legitimate penological interest, the court will allow the claim to proceed until the record can be more fully developed.

There is also no due process right to unfettered visitation. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460-61 (1989); *Mayo v. Lane,* 867 F.2d 374, 379 (8th Cir. 1989). "Restrictions on prison access do not independently violate the due process clause." *Smith v. Farley,* 1995 WL 216896 at 2 (7th Cir. April 11, 1995). However, the court will also allow this claim to proceed until a more fully developed record can be presented.

The plaintiff has failed to state a claim pursuant to the Administrative Procedures Act. The APA governs rule making and adjudication procedures of federal agencies and the Bureau of Prisons is considered such an agency. *Custard v. U.S.,* 2006 WL 1599210 at 2 (S.D. Ill. June 9, 2006); *Bunn v Conley,* 309 F.3d 1002, 1009(7th Cir. 2002). However, some statute outside the APA must trigger the procedures of the APA. *see United States v. Florida East Coast Ry.,* 410 U.S. 224 (1973); 5 U.S.C. §554(a).

The court notes that the plaintiff's original complaint stated that Federal Bureau of Prisons Program Statement 5522.01 dealt with the use of Ion Spectrometry to scan visitors to federal prisons. However, program statements are "internal agency guidelines" that are not "subject to the rigors of the [APA], including public notice and comment." *Jacks v Crabtree,* 114 F.3d 983, 985 FN.1 (9th Cir. 1997); *Durham v Lappin,* 2006 WL 2724091 (D.Colo. Sept. 21, 2006). The plaintiff does not allege that the program statement at issue adopted the APA procedures. Therefore, the court must dismiss any APA claims.

**IT IS THEREFORE ORDERED THAT:**

1) The plaintiff's motion to amend his complaint is granted. [d/e 7]. The clerk of the court is directed to file the plaintiff's Amended Complaint.

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

> The repeated denials of the plaintiff's visitation within the Federal Correctional Institution in Pekin Illinois violated the plaintiff's First Amendment Freedom of Association and Fifth Amendment Due Process rights.

3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

4) This case shall proceed solely on those federal claims identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

8) The plaintiff must identify the names and work addresses of his Doe defendants in order to effect service on them. If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have appeared, or, if those defendants do not provide an answer, a motion to compel with the court. Failure to timely identify and serve the Doe defendants will result in their dismissal from the case. *See* **Fed. R. Civ. Proc. 4(m).**

Entered this   22nd   Day of September, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE